IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOMINIQUE SINCLAIR                                                                                       PLAINTIFF

4:20-CV-01413-BRW

UNIVERSITY OF TENNESSEE, *et al.*                                                              DEFENDANTS

## ORDER

For the reasons set out below, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) and Motion to Appoint Counsel (Doc. No. 3) are DENIED. This case is DISMISSED.

Plaintiff asserts that Defendants violated HIPPA confidentiality by signing her up for a study without her permission. Yet, she also claims that her brother signed her up for the study without her permission. Plaintiff asserts that she has suddenly found stents in her arms and legs, and wants to know where they came from. Finally, she alleges that Defendants are in possession of $25,000 of her money.

The issue of subject-matter jurisdiction may be raised *sua sponte* at any time.[1] Plaintiff asserts that she filed this case in federal court based on federal question jurisdiction. However, the reference to HIPPA is not enough to create federal question jurisdiction.[2]

Diversity jurisdiction also is lacking. Federal court diversity jurisdiction requires that the amount in dispute exceed $75,000 and all the parties on one side of the controversy must be citizens of different states from all of the parties on the other side.[3] It appears that Plaintiff and some Defendant are both from Arkansas, so complete diversity is lacking. Additionally, Plaintiff's

---

[1] *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

[2] See *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPPA does not create a private right of action.").

[3] 28 U.S.C. § 1332; *Indianapolis v. Chase National Bank*, 314 U.S. 63, 70 (1941).

complaint mentions that she does not know if the amount in controversy exceeds $75,000. However, she references $25,000, which does not exceed the statutory minimum. Finally, after considering the allegations in the Complaint, the Court finds to a legal certainty that Plaintiff's claims could not satisfy the amount-in-controversy requirement.[4]

    IT IS SO ORDERED this 3rd day of December, 2020.

                                    Billy Roy Wilson
                                    UNITED STATES DISTRICT JUDGE

---

[4] *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994).